| STATE OF INDIANA | ) | IN THE ST. JOSEPH COUNTY CIRCUIT COURT |
| --- | --- | --- |
| COUNTY OF ST. JOSEPH | )SS: ) | |

MARIO L. SIMS, Sr. and )
    Plaintiffs, )
                    )
v.                     )    CAUSE NO.
                    )    71D05-0810-CT-00203
AMERISAVE MORTGAGE )
CORPORATION, )
MARCELL FOMBRUN, and )
JONATHAN PAYNE, )
    Defendants. )    JURY DEMAND

ST. JOSEPH COUNTY CLERK
2008 OCT -2 P 2:12

## COMPLAINT AT LAW

Plaintiff, *pro se*, for his cause of action against the defendants, states:

### COUNT I: TORTIOUS INTERFERENCE WITH A CONTRACT

1. At all times relevant plaintiff lived in St. Joseph County, Indiana, defendant AmeriSave Mortgage Corporation is an Atlanta based business qualified on October 15, 2002, to conduct business in Indiana, and employs Marcell Fombrun as a Senior Mortgage Representative and Jonathan Payne as National Sales Manager.

2. On April 14, 2008, a "Decree of Dissolution" signed by Mario L. Sims, Sr., and San Juana Sims, was filed in the St. Joseph Superior Court.

3. The written agreement referenced in the Decree of Dissolution is the "Property Settlement Agreement" signed by both Mario L. Sims, Sr., and San Juana Sims and the Court. Paragraph 9 thereof states:

1

"It is further agreed that this Property Settlement Agreement will be incorporated and merged into any Decree of Dissolution. " *Id.*

4. The Property Settlement Agreement in its pertinent part reads as follows:

"Husband shall assume the mortgage to remove Wife's name and Wife's son's name from the current mortgage and/or refinance the real estate within *180 days of the final hearing.*" *Id.* (italics added).

5. The Decree of Dissolution and the Property Settlement Agreement is a contract. *Shorter v. Shorter*, 851 N.E.2d 378, 383 (Ind. Ct. App. 2006).

6. A copy of the Property Settlement Agreement showing that the plaintiff was required to obtain a mortgage by October 14, 2008, (180 days from the date of the final hearing) was faxed to the defendants to the attention of Marcell Fombrum who acknowledged receiving that document as part of the plaintiff's mortgage application.

7. Fombrum had contacted the plaintiff by telephone in response to the plaintiff submitting a mortgage application on line.

8. Fombrun after reviewing the plaintiff and his wife's credit bureau report and copying them to the plaintiff via email, stated by telephone that the plaintiff's wife scores would drag down the plaintiff's scores, however he would add the plaintiff wife's name via quit claim deed after the loan closed.

9. Fombrum stated via telephone to the plaintiff that his mortgage had been pre-approved and after he, Fombrum, obtained a waiver from the FHA he would get final approval from his underwriter.

10. Fombrun by telephone obtained the plaintiff's credit card number to insure that $370.00 was available in the plaintiff's account to order an appraisal.

2

11. Fombrum stated by telephone that the appraisal would be conducted directly after he had received a FHA waiver, which he stated would not present a problem at all.

12. As recently as the week of September 22, 2008, Fombrun by telephone assured the plaintiff by telephone that all that was required to obtain the mortgage was the FHA waiver which previously had taken 24 hours but because of changes in the industry would take 72 hours.

13. Fombrum stated by telephone that he would have the FHA waiver done by Friday, September 26, 2008, and in the same telephone conversation when the plaintiff told him he was nervous about the time, Fombrum cut him off stating that he was aware of the deadline imposed by the property settlement agreement and the mortgage will get done in time, and that he would call him Friday September 26, 2008.

14. After Fombrum did not call the plaintiff Friday September 26, 2008, plaintiff called Fombrum Monday September 29th and was told by Fombrum that the waiver was not in the computer, do not worry, he will call and get it and call me back in thirty minutes. He never returned the plaintiff's call.

15. Plaintiff called Fombrum twice on Tuesday September 30th, twice leaving messages. Fombrum never returned the call.

16. After plaintiff called and in detail explained what had happened to several Amerisave employees and manages, Jonathan Payne, National Sales Manager called and left a message stating that he had not been involved with this matter, was not aware of what had happened and wanted me to call him.

3

17. After I returned Payne's call and left a message he returned my call and stated that mortgage application had been closed on September 15, 2008. He then sent a back dated Notice of credit rejection showing Amerisave had closed the mortgage application on September 15th, and is was signed by Jonathan Payne and was apparently falsified, as earlier that day in a message left Payne claimed to have no knowledge of this matter or of my mortgage.

18. At no time did Fombrum or any one else from Amerisave ever advise the plaintiff in response to his telephone calls or emails that his mortgage application had been declined.

19. Even after September 15, 2008, Amersiave continued to send emails with Fombrum's name affixed stating that he could lock in his mortgage rate.

20. The defendants were aware of the existence of a valid and enforceable contract; the defendants' had knowledge of the contract; the defendants intentionally breached the contract; there was an absence of justification; and the plaintiff sustained resulting damages as the plaintiff.

21. Because of the defendants tortuous interference with the contract using a fake refinancing scheme the St. Joseph Superior Court entered an verbal order allowing San Juana to sell the home.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed, and such other and further relief as may be deemed appropriate.

4

## COUNT II: ACTUAL FRAUD

22. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21.

23. Fombrum made a material misrepresentation of a past or existing fact made with knowledge of or reckless disregard for the falsity of the statement to the detrimental reliance of a third party, the plaintiff.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000 trebled as provided by Ind. Code § 33-21-1-8.

## COUNT III - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21.

25. Plaintiff is seeking emotional distress damages because of intentional infliction of emotional distress by the defendants.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed, and such other and further relief as may be deemed appropriate.

## COUNT IV - VIOLATION OF 42 U.S.C. § 1981

26. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27. Plaintiff is an African-American male that the defendants have denied the right to enforce a contract by their actions above because of the race based invidious animus as Fombrum was aware from the many conversations and documents that the plaintiff was an African-American.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed, and such other and further relief as may be deemed appropriate.

## COUNT V - FEDERAL AND INDIANA STATE R.I.C.O.

Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 27. This is a complex civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq.*; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this honorable Circuit Court deems just and proper under all circumstances which have occasioned this COMPLAINT AT LAW See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

6

The primary cause of this action is a criminal *enterprise* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving numerous RICO predicate acts during the past calendar year.

The predicate acts alleged here cluster around use of United States electronic wire systems (telephone and emails) to engage in deceptive business practices, breach an oral contract, commit fraud, tortuous interference with a contract, negligent misrepresentation violate Home Loan Practices Act § I.C. 24-9-1-1, *et seq.*, Consumer Credit Act, I.C. § 24-4-5-1 *et seq.*, and Loan Brokers Act I.C. § 23-2-5-1 *et seq.* Actual and constructive fraud Other RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* wire fraud. See 18 U.S.C. §§ 1341 and 1344, respectively.

The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff with the intent of impairing, obstructing, preventing and discouraging Plaintiffs from completing his contractural obligation to purchase 21823 East Sandy Hill Lane.

This honorable Circuit Court has original jurisdiction pursuant to the civil RICO remedies at 18 U.S.C. 1964, and the holdings of the U.S. Supreme Court in *Tafflin v. Levitt*, 493 U.S. 455 Acquisition and Maintenance of an Interest in and Control of an *Enterprise* Engaged in a *Pattern of Racketeering Activity*: 18 U.S.C. §§ 1961(5), 1962(b).

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

7

At various times and places partially enumerated in Plaintiff *complaint* all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

From August 2008 *A.D.*, until October 2, 2008, A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities). Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra*.

Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Conduct and Participation in a RICO *Enterprise* through a *Pattern of Racketeering Activity*: 18 U.S.C. §§ 1961(5), 1962(c). Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially enumerated in Plaintiff's complaint, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate commerce.

8

Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

From August, 2008, *A.D.*, until October, 2008, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Conspiracy to Engage in a *Pattern of Racketeering Activity*: 18 U.S.C. §§ 1961(5), 1962(d).

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form. At various times and places partially enumerated in Plaintiff's complaint, all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d).

9

At various times and places partially enumerated in Plaintiff's complaint, all Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d). *See* also 18 U.S.C. §§ 1961(4), (5) and (9).

From August, 2008, continuing until October, 2008, *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however.

RELIEF REQUESTED

*Wherefore*, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

10

2. That all Defendants and all their employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3. That all Defendants and all of their employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in the Complaint at Law.

4. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

6. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

8. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees.

11

9. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

10. That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## COUNT VI - BREACH OF AN ORAL CONTRACT

28. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 27 and RICO allegations.

29. The defendants breached the oral contract made by their agent who guaranteed a mortgage for the plaintiff.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed, and such other and further relief as may be deemed appropriate.

12

## COUNT VII - NEGLIGENT MISREPRESENTATION

30. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 29 and RICO allegations.

31. The defendants negligently misrepresented that the plaintiff would get a mortgage or allowed their agent and employee Fombrum to do so, to the plaintiff's deteriment..

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed, and such other and further relief as may be deemed appropriate.

## COUNT VIII - CIVIL ACTION BY A CRIME VICTIM

32. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 31 and RICO allegations.

33. The defendants breached the oral contract made by their agent who guaranteed a mortgage for the plaintiff.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed to be trebled, and such other and further relief as may be deemed appropriate.

13

## COUNT VIIII – NEGLIGENT SUPERVISION

34. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33 and RICO allegations.

33. The Amerisave Mortgage Corporation and Jonathan Payne as its National Sales manager negligently failed to properly train, monitor and supervise Marcell Fombrum, and in fact gave him the title of Sr. Mortgage Representative.

WHEREFORE, the Plaintiff prays for judgment for the following relief:

Such damages as are reasonable in the premises for the loss of the property at 21823 East Sandy Hill Lane valued in excess of $190,000, pain and suffering, bad faith and punitive damages to the extent allowed to be trebled, and such other and further relief as may be deemed appropriate.

Respectfully submitted:

_____
Mario L. Sims, Sr., *pro se*
21823 East Sandy Hill Lane
South Bend, IN 46628
Fax 574-217-8005
Email simsm2@comcast.net

### VERIFICATION

Under the penalties for perjury, the undersigned states that to the best of his knowledge and belief the above and foregoing is true.

_____
Mario L. Sims, Sr.

14